1

2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

3

GLOVEBOX TECHNOLOGIES INC.,

Case No.:  22-cv-1420-AGS-BLM

4

Plaintiff,

**ORDER GRANTING MOTION TO DISMISS (ECF 6) AND CLOSING CASE**

5

v.

6

Ricardo DA CRUZ, Complete Auto

7

Reports, LLC,

8

Defendants.

9

10      Defendants move to dismiss plaintiff's trademark case, arguing this Court lacks

11  personal jurisdiction and is an inappropriate venue. Because plaintiff cannot meet the venue

12  requirements, defendants' motion to dismiss is granted.

13                              **BACKGROUND**

14      Plaintiff Glovebox Technologies, Inc., owns registered trademarks in a couple

15  iterations of "ELECTRONIC GLOVE BOX" that it uses in connection with its mobile app,

16  social media, and websites. (ECF 1, at 4–5.) Defendants Ricardo Da Cruz and Complete

17  Auto Reports, LLC, run their own mobile app under the "DIGITAL GLOVEBOX" mark.

18  (*Id.* at 6.) After being alerted of plaintiff's accusation that "DIGITAL GLOVEBOX"

19  infringes its trademark, defendants requested that Google and Apple eject plaintiff from

20  their app stores. (*Id.*; ECF 8, at 9.) Plaintiff then sued, alleging trademark infringement and

21  violations of California's Unfair Competition statutes. (*See generally* ECF 1.)

22      Plaintiff is incorporated in Delaware and headquartered in Colorado, although it

23  contends that it has "employees located in and/or conducting business in Southern

24  California." (*Id.* at 2.) Defendants dwell in New Jersey: Da Cruz resides there, and

25  Complete Auto Reports is incorporated and has its principal place of business there. (*Id.*

26  at 2–3; ECF 6-3, at 3–4.) Defendants claim to have no business contacts with California,

27  other than the fact that the app is available in app stores offered by Google and Apple, both

28

1

1  of which reside in California. (*See* ECF 6-3, at 3–4.) So defendants have moved to dismiss

2  this case for lack of personal jurisdiction and improper venue. (*See generally* ECF 6.)

**DISCUSSION**

**A.   Venue**

For trademark cases, suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[1] *See* 28 U.S.C. § 1391(b)(2). Plaintiff claims it meets that venue requirement because defendants "have two significant contacts in California, Apple and Google." (ECF 8, at 18.) And plaintiff points out that defendants complained "to both entities" to have them take down plaintiff's app. (*Id.*)

None of which satisfies the venue statute. Venue may only lie in the Southern District of California if this judicial district is home to a substantial part of the relevant "events or omissions" or to a substantial part of the relevant "property that is the subject of the action." *See* 28 U.S.C. § 1391(b)(2). Although both parties agree that Apple and Google reside in California, no one credibly asserts these companies are based within *this* judicial district. Both instead reside in the Northern District of California. *See, e.g.*, *GPNE Corp. v. Amazon.com, Inc.*, No. CV 11-00426 SOM-RLP, 2012 WL 12909911, at *5 (D. Haw. May 10, 2012) ("Apple resides . . . in the Northern District of California."); *In re Ex Parte Application of Colegio Americano de Guatemala*, No. 16-MC-80261-HRL, 2016 WL 7325033, at *2 (N.D. Cal. Dec. 16, 2016) ("Google resides . . . within the Northern District of California."). Nor did a "substantial part of the events" regarding this claim arise in this district. Plaintiff accuses these New Jersey defendants of improperly influencing

---

[1] Plaintiff does not rely on another provision of the venue statute that establishes venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *See* 28 U.S.C. § 1391(b)(1). And with good reason. Even if Complete Auto Reports resided in this district for venue purposes, it is undisputed that defendant Da Cruz is a New Jersey resident. Thus, plaintiff cannot show that "all defendants are residents" of California. *See id.*

1  companies in the Northern District of California, not the Southern District. *See* 28 U.S.C.

2  § 1391(b)(2). In short, plaintiff offers no evidence that any part of the trademark or

3  California claims have a connection to this district.

4       Because venue is improper here and "dispositive" of the motion to dismiss, the Court

5  need not consider the request to dismiss for "lack of personal jurisdiction." *See Jezign*

6  *Licensing, LLC v. Maxima Apparel Corp.*, No. 20-CV-1438-JLS (AGS), 2021 WL

7  3493294, at *1 n.1 (S.D. Cal. Aug. 9, 2021).

8  **B.    Remedy**

9       We now turn to the remedy. The Court may dismiss or "if it be in the interest of

10  justice, transfer such case to any district or division in which it could have been brought."

11  *See* 28 U.S.C. § 1406(a). The Ninth Circuit "has taken a broad view of when transfer is

12  appropriate, recognizing that normally transfer will be in the interest of justice." *Amity*

13  *Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015). This is so

14  to avoid punishing a plaintiff who was "unaware of or confused about the proper forum in

15  which to file their action." *Id.* (alteration omitted). By contrast, transfer is less appropriate

16  when a plaintiff has chosen "not to bring the action in a proper district in the first instance."

17  *Trout v. Cnty. of Madera*, No. 21-CV-06061-PJH, 2022 WL 2490410, at *3 (N.D. Cal. July

18  6, 2022).

19       Dismissal is appropriate here. Plaintiff offers no colorable justification for filing in

20  this district, instead relying on contacts with a completely different judicial district.[2] *See*

21  *Jezign Licensing*, 2021 WL 3493294, at *3. Plaintiff avoided filing in New Jersey, the

22  Northern District of California, or even in Colorado in preference for a district that clearly

---

24
25       [2] For the same reason, plaintiff's request for venue discovery is denied. *See Resh,*
26  *Inc. v. Skimlite Mfg. Inc.*, No. 5:22-CV-01427-EJD, 2023 WL 2744423, at *4 n.2 (N.D.
     Cal. Mar. 31, 2023) (denying venue discovery because, like here, it was "unsupported by
     any suggestion that discovery would yield a different outcome or be anything more than a
27  fishing expedition").

28

lacks venue. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir. 1983). Finally, the parties sharply dispute which district this court should transfer to: defendants argue that the District of New Jersey is the only proper venue while plaintiff claims it's the Northern District of California. And although "there is normally a strong presumption in favor of honoring the plaintiff's choice of forum," *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995), it's not clear to this Court that merely offering an app or engaging in a complaint process through Google or Apple—which is not necessary for any of plaintiff's claims as alleged—is a "substantial part" of plaintiff's alleged claims. The one thing that is clear on the record before this Court is that this case doesn't, and never did, belong here.

Defendants' motion to dismiss for lack of venue is **GRANTED**. The case is **DISMISSED** without prejudice, so that plaintiff may refile in a proper venue.

Dated: May 11, 2023

Andrew G. Schopler
United States District Judge

22-cv-1420-AGS-BLM